CORNELL et al., Appellants,

v.

PARSONS COAL COMPANY et al., Appellees.*

[Cite as *Cornell v. Parsons Coal Co.* (1993), 96 Ohio App.3d 1.]

Court of Appeals of Ohio,
Columbiana County.

No. 92–C–45.

Decided Aug. 9, 1993.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was dismissed as having been improvidently allowed in (1994), 71 Ohio St.3d 1207, 642 N.E.2d 631.

**2**

*Allen Schulman, Jr.,* for appellants.

*Jeffrey Embleton,* for appellees.

O'NEILL, Judge.

The plaintiff-appellant, Alan Cornell, was injured while employed by the defendant, Parsons Coal Company ("Parsons"), and working on a barge located in the Ohio River at East Liverpool, Ohio. The issue, relative to the plaintiff-appellant's injuries, was first brought to court by filing a complaint in 1985 seeking damages for personal injuries as the result of an intentional tort allegedly committed by Parsons. Just prior to trial, the case was dismissed. It was refiled in February of 1988. The complaint was amended to allege claims of negligence, gross negligence and intentional tort against Parsons. On December 5, 1988, the first day of trial, the appellants made known that they were to proceed on a claim of negligence under the federal law found in the Longshoremen's and Harbor Workers' Compensation Act. The defendants-appellees objected to this new theory of liability, advancing the reason that they had not before that day been advised of the intent of the plaintiff-appellant. The trial court agreed and

refused to permit the appellant to proceed on that theory and the trial then proceeded on the claim of intentional tort. A jury verdict was rendered on behalf of the defendants-appellees and appellants subsequently appealed the judgment of the trial court to this court of appeals. This court reversed the trial court on the claim of negligence, finding that the trial court should have permitted the plaintiff-appellant to proceed on the negligence claim under the Longshoremen's and Harbor Workers' Compensation Act. This court remanded the case to the trial court for a trial relative to the plaintiff-appellant's cause of action under the Longshoremen's and Harbor Workers' Compensation Act.

Upon remand, the defendants-appellees filed a motion for summary judgment, alleging in that motion that the plaintiff-appellant was not entitled to proceed on negligence under the Longshoremen's and Harbor Workers' Compensation Act for the reason that the defendants-appellees had protected and furnished insurance covering any injuries which the plaintiff-appellant might suffer during his work and that, pursuant to the act, the trial court was barred of jurisdiction, leaving the plaintiff-appellant to proceed administratively to collect remuneration for his injuries. The motion was granted, and a timely notice of appeal was directed to this judgment of the trial court.

The first assignment of error complains that the appellees should not have been permitted to raise, by motion for summary judgment, their immunity from the claim being pursued by the plaintiff-appellant.

The plaintiff-appellant describes the stance of the defendants-appellees as being an affirmative defense and contends that, since it had not been raised by way of pleading, there was a waiver of this alleged affirmative defense.

The keystone to this appeal is found in Section 905, Title 33 U.S.Code, of the Longshoremen's and Harbor Workers' Compensation Act, which reads as follows:

"(a) Employer liability; failure of employer to secure payment of compensation. The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, *except that if an employer fails to secure payment of compensation as required by this chapter,* an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter or to maintain an action at law or admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the

employee. For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title." (Emphasis added.)

It should be noted that, by provisions of the foregoing law, an employee may claim or maintain an action at law if an employer fails to secure payment of compensation as required by that chapter. It would appear to us that this places a burden on a plaintiff to establish, as a prerequisite to his pursuit of an action at law, that the employer failed to secure payment of compensation. It does not stand as a defense by a defendant but rather as an item of proof incumbent upon a plaintiff.

Accordingly, we find no merit to the first assignment of error raised by the plaintiff-appellant.

The second assignment of error contends that the trial court erred in granting summary judgment when there were material issues of fact in dispute.

As a part of the motion for summary judgment, the appellees attached to their motion various exhibits. Exhibit A was copy of an insurance policy issued by Rockwood Insurance Company to North Star Coal Company et al., effective January 1, 1983 through January 1, 1984. The declaration page of this policy provided that the policy applied to workmen's compensation law and any occupational disease law of the state of Pennsylvania. It then, by way of a schedule, listed East Liverpool, Ohio as being one of the locations of operations by the insured. A further attachment to the motion was an affidavit of William P. Larkin, Controller of the North Star Coal Company, which is the owner and parent company of the Parsons Coal Company. Larkin, under oath, certified that the attached policy was a true and accurate copy of an insurance policy in effect from January 1, 1983 through January 1, 1984. Larkin went on to further state, under oath, that during the term of the policy, insurance coverage was provided for claims under the United States Longshoremen's and Harbor Workers' Compensation Act.

There was a further attachment, an affidavit by Sandy R. Yancey. Yancey, under oath, stated that, as a claims representative of Inservco Insurance Services, Inc., it had been determined that there was coverage for the plaintiff-appellant under the United States Longshoremen's and Harbor Workers' Compensation Act under the policy of insurance issued through Rockwood Insurance Company for North Star Coal Company and Parsons Coal Company. Yancey went on to state that Rockwood had been liquidated under the laws of the state of Pennsylvania and that, in accordance with the state laws, the claim of Alan Cornell, the plaintiff-appellant, had been placed for handling with the Pennsylva-

nia State Security Fund. Inservco serves as a third-party administrator for the Pennsylvania State Security Fund and is responsible for the handling of the claim filed on behalf of Alan Cornell. Yancey went on to further state, under oath:

"5. In accordance with the coverage provided through the Rockwood Insurance Company, Inservco Insurance Services, In. on behalf of the Pennsylvania State Security Fund has accepted the claim of Alan Cornell for payment in accordance with the coverage provided under the Longshoremen's and Harbor Workers Compensation Act."

The appellant insists that there is an issue as to a material fact relative to the coverage advanced by the defendants-appellees. In support of this argument, the plaintiff-appellant points to his affidavit, wherein he stated that he had not received any benefits under the Longshoremen's and Harbor Workers' Compensation Act nor had he been notified by any agency or company that he was entitled to receive such benefits or that a claim for benefits was being processed on his behalf. We can well accept this affidavit but, in view of the affidavit of Yancey, the statement of Cornell does not establish the lack of protection. It would seem reasonable to say that, following the affidavit of Yancey, Cornell should have contacted Yancey to collect the benefits to which Yancey said Cornell was entitled.

The appellant also points to a letter which counsel for the appellant received May 16, 1991 from another lawyer who had reviewed the insurance policy in question and expressed an opinion relative thereto. This letter was not in the form of affidavit and, accordingly, pursuant to Civ.R. 56, was not an evidentiary matter which could be considered by the trial court. The appellant also points to some testimony of the general manager of the Parsons Coal Company, David Heck, Sr., where the following dialogue took place:

"Q. Did you do anything to provide Mr. Cornell with Longshoremen and Harbor Workers' act benefits?

"A. Everything was being processed under the Workmen's Comp, and that's what we were—we thought we were right in what we were doing.

"Q. My question is did you do anything to provide Alan Cornell with Longshoremen Harbor Workers' Act benefits?

"A. No."

The appellant also points to some testimony by Heck which came into the case during a proffer by the defendant-appellee relative to the fact that the plaintiff-appellant had collected compensation under the Ohio Workers' Compensation Act. During cross-examination, the following dialogue took place:

"Q. Did you do anything to provide Mr. Cornell with Longshoremen Harbor Workers' Act Benefits?

"A. Everything was being processed under the Workmen's Comp, and that's what we were—we thought we were right in what we were doing.

"Q. My question is did you do anything to provide Alan Cornell with Longshoremen Harbor Workers' Act Benefits?

"A. No.

"Q. Do you know what a longshoreman is?

"A. Yes.

"Q. Thank you."

In their brief, the appellants failed to continue this testimony of Heck. Following cross-examination under redirect examination, the following dialogue took place:

"Q. And then we ask a question off of that, did Mr. Cornell ever file a claim under the Longshoremen Harbor Workers' Act?

"A. No."

Certainly this is not an indication that the employer had failed to secure payment of compensation in behalf of Alan Cornell. The testimony clearly established that the plaintiff-appellant had never filed any request for compensation under the act.

We agree with the factual finding by the trial judge. As a part of his opinion, the trial judge stated that, based upon the evidence before him, "[t]he Pennsylvania State Security Fund is providing coverage, and will cover the injuries sustained by the Plaintiff, Alan Cornell, this instance. The affidavit further provides that Inservco Insurance Services, Inc. have accepted the claim of Alan Cornell for payment in accordance with the coverage provided under the Longshoremen's and Harbor Workers' Compensation Act. This satisfies the court that there is coverage under the Act, and therefore, this court lacks jurisdiction to proceed on the negligence claim filed by the plaintiffs."

We agree further with the following factual finding by the trial judge: "The statement by the Inservco claims representative Sandy Yancey is based on firsthand knowledge, is certainly sufficient to bind her principals as an agent, show that she is affirmatively competent to testify on the matters stated therein, and would be admissible in evidence at trial."

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cox, P.J., and Donofrio, J., concur.